UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| DUANE A. DUVALL, ) | |
| ) | |
| Petitioner, ) | Civil No. 0:17-095-HRW |
| ) | |
| v. ) | |
| ) | |
| THOMAS SMITH, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Duane Duvall is a prisoner confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Duvall has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. For the reasons set forth below, the Court will deny Duvall's petition.

In 2000, a jury convicted Duvall of possession with the intent to distribute more than 50 grams of a mixture containing methamphetamine, and possession with the intent to distribute more than 50 grams of a mixture containing amphetamine.[1] The trial court then sentenced Duvall to a total term of 360 months in prison.

---

[1] Due to the age of Duvall's convictions, this Court cannot electronically access his criminal judgment through the use of the Public Access to Court Electronic Records (PACER) website. That said, the procedural history comes from the representations in Duvall's petition, as well as his direct appeal in *United States v. Duvall*, 272 F.3d 825 (7th Cir. 2001), and his motion to vacate in *United States v. Duvall*, No. 3:03-cv-108 (S.D. Ind. 2003).

1

Duvall's convictions were upheld on direct appeal, and his subsequent motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was denied.

Duvall has now filed a § 2241 petition, and he appears to make three claims: (1) his sentence is "illegal" in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2006), which held that the federal sentencing guidelines are advisory; (2) his trial attorney operated under a conflict of interest; and (3) his trial attorney provided ineffective assistance of counsel by effectively abandoning him and failing to file certain documents while his case was on appeal. [D. E. No. 1 at 6-8].

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Duvall's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Duvall's claims raised in his § 2241 petition are simply not the kind which may be pursued under § 2241. A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)(explaining the distinction between permissible uses for a § 2255 motion and a § 2241 petition). The prisoner may not resort to § 2241 to seek relief even when § 2255 is not presently "available" to him, whether because he filed a timely motion and was denied relief; he did not file a timely § 2255 motion; or he filed an untimely motion. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition. The Sixth Circuit has said that "the so-called 'savings clause' of section 2255 provides that if section 2255 is 'inadequate or ineffective to test the legality of his detention,...then a federal prisoner may also challenge the

3

validity of his conviction or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (citations and quotation marks omitted).

However, Duvall does not (and could not) rely on the "savings clause" of § 2255(e) to authorize his § 2241 petition. To properly invoke the savings clause, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *Peterman*, 249 F.3d at 461-62); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

With respect to Duvall's argument that he is entitled to relief pursuant to the Supreme Court's decision in *Booker*, he concedes that he previously raised this argument in a § 2255 petition, which was denied as untimely. However, he re-raises his arguments in this petition because he "remains convinced" that his Sixth Amendment rights were violated. [D.E. No. 1 at p. 7]. However, the fact that a prior

4

§ 2255 was denied does not render a § 2255 petition "unavailable" for purposes of the savings clause of § 2255. *Copeland*, 36 F. App'x at 795 (6th Cir. 2002). Moreover, *Booker* does not apply retroactively to cases on collateral review. *Humphress v. United States,* 398 F.3d 855, 863 (6th Cir. 2005); *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir.2005) (*Booker* established a new rule of criminal procedure and thus did not apply retroactively to cases already final on direct review, namely, those cases in which a decision had been rendered on direct appeal and the 90-day period for seeking a writ of certiorari had expired, at the time *Booker* was rendered).

In addition, to the extent that Duvall attempts to raise arguments regarding ineffective assistance of counsel, these claims consist of challenges to his conviction that he could and must have asserted before the trial court, either upon direct appeal or in a motion pursuant to 28 U.S.C. § 2255. For these reasons, his claims may not be pursued under 28 U.S.C. § 2241.

Accordingly, it is **ORDERED** that:

1. Duvall's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 28th day of March, 2018.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

5